**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EUGENE A. GAITERS, as Trustee and** | ) | |
| **Beneficiary; RICHARD H. MORTON,** | ) | |
| **As Trustee and Beneficiary; and** | ) | |
| **M.G.H. TRUST, an irrevocable Trust,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-CV-425-CVE-SAJ** |
| | ) | |
| **THE CITY OF CATOOSA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter came before the Court for hearing on April 3, 2006, on the following

motions referred to the undersigned Magistrate Judge:

(1) Motion for Hearing, [Dkt. # 49];

(2) Amended Motion to Vacate and Set Aside Purported Settlement Agreement
and Stipulation of Dismissal (hereafter, "Amended Motion to Vacate") [Dkt.
## 49, 50].

(3) Motion to Deem Confessed Allegations Contained in Plaintiff's Amended
Motion to Vacate (hereafter, "Motion to Deem Confessed") [Dkt. # 60].[1]

The Motion for Hearing has been GRANTED. For the reasons set forth below,

the undersigned RECOMMENDS that the Amended Motion to Vacate and the Motion to

Deem Confessed, be deemed MOOT as this Court lacks subject matter jurisdiction over

the matter.

**I**
**FACTUAL BACKGROUND**

---

[1]     The Amended Motion to Vacate [Dkt. # 49] was brought by Plaintiffs Eugene
Gaiters ("Gaiters") and Richard Morton ("Morton") only. The Motion to Deem
Confessed [Dkt. # 60] was brought by Plaintiff Gaiters only. Gaiters and Morton
appeared at the April 3, 2006, hearing *pro se*.

This case ("the lawsuit") was filed in June 2003 alleging various violations of federal civil rights statutes and state law claims arising from alleged encroachment on and demolition of property owned by a trust of which Plaintiffs are the trustees and beneficiaries.  The property at issue is located in the City of Catoosa, Rogers County, State of Oklahoma.  Plaintiffs are African-Americans and contend that the Defendants discriminated against them and violated their civil rights in connection with the activities described above.

The motions now before the Court relate to the settlement and dismissal of this lawsuit in September 2004.  Following a settlement conference before Adjunct Settlement Judge Richard Hix in July 2004, the Court was advised that the case had settled.  (*See* Dkt. # 35 and August 9, 2004, *Remark*).  Despite some apparent difficulties in finalizing the agreement, on September 1, 2004, the parties executed a Confidential Settlement Agreement and Release (the "Settlement Agreement") by which Plaintiffs agreed to release all claims that were or that could have been brought in the lawsuit or that related in any way to the events or property related to the lawsuit.  Defendants paid the settlement amount of $20,000 in full settlement of all such claims, attorney fees, litigation costs, etc.  This check was made payable to Gaiters and Plaintiffs' counsel, James O. Goodwin.  At the April 3, 2006, hearing, Gaiters admitted that he and Morton executed the Settlement Agreement and that he endorsed the $20,000 check; however, Gaiters said that immediately after signing the Settlement Agreement he and Morton sought to rescind it.

A Stipulation of Dismissal with Prejudice, signed by Plaintiffs' counsel and Defendants' counsel, was filed of record on September 23, 2004.  [Dkt. # 36].  Plaintiffs

Gaiters and Morton now seek to vacate this Stipulation of Dismissal as well as the underlying Settlement Agreement.

On February 10, 2005, complaining that Plaintiffs had not fulfilled their settlement obligations, Defendants moved to enforce the Settlement Agreement. [Dkt. # 37]. On February 18, 2005, Plaintiffs moved to Vacate and Set Aside the Purported Settlement Agreement. [Dkt. # 43]. The Motion to Enforce Settlement Agreement was referred to the undersigned. By Report and Recommendation [Dkt. # 42], I concluded that once the lawsuit was dismissed with prejudice, this Court no longer had subject matter jurisdiction; therefore, I recommended the motion to enforce be denied. Neither party objected to the Report and Recommendation; therefore, after an independent review, the District Court adopted the Report and Recommendation, found the Court no longer had subject matter jurisdiction, found all pending motions moot and terminated the case. [Dkt. # 44]. Litigation has now begun in the District Court for Rogers County concerning the contract (Settlement Agreement) that resulted in termination of this lawsuit.

On February 24, 2006, Plaintiffs filed the motions that are the subject of this Report.

## II
## ANALYSIS

Plaintiffs, pursuant to Fed. R. Civ. P. 60(b), seek to vacate the Stipulated Dismissal With Prejudice and the Settlement Agreement they executed in connection therewith. Plaintiffs allege – as they did in their first Motion to Vacate – that the settlement was procured through fraud. These alleged fraudulent acts include:

❑ Dismissal, without consideration to Plaintiffs, of Ark Wrecking Co. as a Defendant.
❑ Failure of Defendants to sign the Settlement Agreement.
❑ Immediate revocation of Plaintiffs' signatures on the Settlement Agreement.
❑ Plaintiffs' counsel keeping "all of the money from the proposed settlement under the pretext that all of said money was owed to him as attorney's fees."
❑ Plaintiffs' counsel and Defense counsel acting "in conspiracy with each other" to enforce the Settlement Agreement.

*Plaintiffs' Amended Motion to Vacate*, p. 3.

Rule 60(b) sets forth six enumerated clauses listing grounds for vacating a Judgment or Order.  Clauses (1), (2) and (3) concern mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud.  The rule provides that a motion to vacate:

> [S]hall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

Thus, the first issue for the Court is whether Plaintiffs' Amended Motion to Vacate is timely.  If it is not, the dismissal stands and this Court lacks subject matter jurisdiction to proceed.[2]  The Stipulation of Dismissal was filed on September 23, 2004, and the Amended Motion to Vacate was filed 17 months later.  [Dkt. # 50].  Clearly, this is beyond the one-year outside limit for bringing a motion under Rule 60(b).  A motion for relief under clauses (1), (2), or (3) "must be denied as untimely if made more than one year after judgment regardless of whether the delay was reasonable."  11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2866, p. 391.  The motion must be filed within one year of the judgment, order or stipulation.  *In re Branson Mall, Inc.*, 970

---

[2]       *See* the undersigned's *Report and Recommendation Re Motion to Enforce Settlement Agreement*. [Dkt. # 42].  While the issue addressed therein dealt with this Court's jurisdiction to enforce a settlement after a dismissal with prejudice, the legal principles set forth therein apply equally to this situation – if the dismissal with prejudice is valid, this Court no longer has subject matter jurisdiction.

F.2d 456, 462 (8th Cir. 1992).  At the April 3, 2006, hearing, Plaintiff also asserted newly discovered evidence of fraud as a basis for vacating the dismissal, but under the Rule even a motion based on newly discovered evidence must be filed within one year.

The Court concludes that Plaintiffs' Amended Motion to Vacate is untimely.  The Court further finds that this Amended Motion is not saved by relation back to the Plaintiffs' Motion to Vacate filed in February 2005 because (1) Plaintiffs did not object to the undersigned's finding that the Court lacked subject matter jurisdiction herein and thereby conceded that issue and (2) Plaintiffs did not object when the district court found the first Motion to Vacate moot as a result of lack of subject matter jurisdiction.  Nor did Plaintiffs appeal the Court's rulings in those regards.

Therefore, the undersigned concludes that Plaintiffs' Amended Motion to Vacate is untimely under Rule 60(b).  Thus, the undersigned RECOMMENDS that the motion [Dkt. ## 49, 50] be DENIED.  If adopted by the District Court, this recommendation means the dismissal with prejudice remains valid.  Accordingly, consistent with the Court's prior ruling concerning subject matter jurisdiction, the undersigned further RECOMMENDS that the Motion to Deem Confessed [Dkt. # 60] be found MOOT.

## OBJECTIONS

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned.  As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation.  A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and

Recommendation.  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court.  *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED this 4th day of April 2006.

Paul J. Cleary
United States Magistrate Judge