UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EUGENE A. GAITERS, as Trustee** ) | |
| **and Beneficiary; et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 03-CV-0425-CVE-SAJ |
| ) | |
| **THE CITY OF CATOOSA, a municipality** ) | |
| **of Rogers County, Oklahoma, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On April 4, 2006, United States Magistrate Judge Paul J. Cleary entered a report and recommendation (Dkt. # 65) on plaintiffs' amended motion to vacate and set aside purported settlement agreement and stipulation of dismissal, and motion for hearing (Dkt. ## 49, 50), and plaintiffs' motion to deem confessed allegations contained in plaintiffs' amended motion to vacate (Dkt. # 60). Following a hearing, the magistrate judge concluded that the motions to vacate and to deem confessed must be deemed moot because this Court lacks subject matter jurisdiction.

Plaintiffs filed an objection to the report and recommendation (Dkt. # 66), defendant responded to plaintiffs' objection (Dkt. # 67), and plaintiffs replied (Dkt. # 70). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. For the reasons stated herein, the Court adopts the report and recommendation of the magistrate judge.

**I.**

Before addressing the substantive issues discussed in the report and recommendation, a brief review of the procedural status of the case is helpful. Plaintiffs initially filed their complaint on June 27, 2003, alleging civil rights violations under 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1988, and defendants removed the case to federal court. The parties attended a Court-ordered settlement conference before Adjunct Settlement Judge Richard P. Hix on July 20, 2004, and a settlement was reached. After further discussion between the parties, some revisions were made to the settlement agreement, and plaintiffs signed the settlement agreement before a notary on September 1, 2004. On September 23, 2004, plaintiffs dismissed their claims against defendants with prejudice.

However, plaintiffs refused to abide by the terms of the settlement agreement and defendants filed a motion to enforce the settlement agreement (Dkt. # 37).[1] Magistrate Judge Paul J. Cleary issued a report and recommendation to deny defendants' motion for lack of subject matter jurisdiction. None of the parties filed an objection to the magistrate judge's report and recommendation and the Court adopted it.[2] The city of Catoosa has since filed suit in Rogers County to enforce the terms of the settlement agreement. Plaintiffs filed an amended motion to

---

[1] Specifically, the settlement called for plaintiffs to authorize release of $15,000 to the city of Catoosa from funds plaintiffs had paid to Rogers County. On February 1, 2004, plaintiffs sent a letter to the Rogers County District Attorney's Office protesting the settlement and refusing to allow Rogers County to release the funds to Catoosa. In addition, plaintiffs demanded more money to settle their claims and also requested their attorneys fees be paid as part of the settlement. This prompted defendants to file a motion in this Court for enforcement of the settlement agreement.

[2] Plaintiffs had filed a motion to vacate the settlement agreement (Dkt. # 43), which was deemed moot as a result of the Court's order finding lack of subject matter jurisdiction over defendants' motion to enforce the settlement.

vacate the settlement agreement (Dkt. # 49, 50), which is the subject of the report and recommendation currently before the Court.

## II.

The magistrate judge concluded that plaintiffs' amended motion to vacate was untimely under Fed. R. Civ. P. 60(b) and that this Court lacks subject matter jurisdiction to review plaintiffs' motion. The magistrate judge found that plaintiffs' motion was filed 17 months after the stipulation of dismissal, but that a Rule 60(b) motion for post-judgment relief must be filed within one year of the final judgment in the case. He also found that plaintiffs could not attempt to save the untimeliness of their motion by arguing relation back to their original motion to vacate, because plaintiffs failed to object to the magistrate judge's earlier report and recommendation (Dkt. # 42) which found plaintiffs original motion to vacate moot.

Plaintiff's motion to vacate states that "the purported settlement agreement and Stipulation of dismissal was obtained and procured in this cause by fraud and deception [sic] practised by both Plaintiff's retained attorney James O. Goodwin, Esq., and defendant's attorney Michelle Harris, Esq." Plaintiff's Amended Motion to Vacate and Set Aside Purported Settlement Agreement and Stipulation of Dismissal with Request for an Evidentiary Hearing (Dkt. ## 49, 50), at 4. Very reasonably, the magistrate judge treated plaintiffs' motion to vacate as a motion for relief from judgment under Rule 60(b), which provides in relevant part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party .
> . . .

Rule 60(b) requires that a party bringing a motion under this section file his motion within a reasonable time, or in cases of motions involving mistake, fraud, or newly discovered evidence, within one year after judgment was entered. White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990). However, a motion may still be untimely even if filed within one year of the final judgment, based on the circumstances of the case. Cummings v. General Motors Corp., 365 F.3d 944, 954 (10th Cir. 2004); The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088 (10th Cir. 2005) ("The one-year limitations period for filing a Rule 60(b)(1) motion is absolute.").

Plaintiffs have suggested that they should be allowed to relate their amended motion to vacate (Dkt. ## 49, 50) back to their original motion to vacate (Dkt. # 43), filed on February 18, 2005. The Tenth Circuit does not allow a party to file an amended Rule 60(b) motion in an attempt to relate back to an earlier motion, in order to avoid the one year time limitation of Rule 60(b). Sorbo v. United Parcel Serv., 432 F.3d 1169, 1177 (10th Cir. 2005) ("We know of no authority suggesting that the district court was required to accept plaintiff's belated amended Rule 60(b) motion. On the contrary, the rules appear to dictate precisely the result reached here. Pleadings are categorically distinguished from motions, *see* Rule 7(a) & (b), and the provisions of Rule 15 regarding amendments and their relation-back apply only to pleadings") (footnote omitted).

Plaintiffs' stipulation of dismissal (Dkt. # 36) was filed on September 23, 2004 and their amended motion to vacate (Dkt. ## 49, 50) was filed on February 24, 2006. Clearly, plaintiffs filed their motion to vacate outside of the one year limitations period for filing a Rule 60(b) motion. The report and recommendation finding plaintiffs' motion untimely is correct and this Court is without jurisdiction to rule on plaintiffs' amended motion to vacate the settlement agreement (Dkt. ## 49, 50).

### III.

Accordingly, the report and recommendation (Dkt. # 65) is hereby **adopted**, and plaintiffs' amended motion to vacate and set aside the settlement agreement (Dkt. # 50) is **deemed moot**. The magistrate judge granted plaintiffs' motion for hearing (Dkt. # 49) and that issue is no longer before the Court. Plaintiffs' motion to deem confessed allegations contained in plaintiffs' amended motion to vacate (Dkt. # 60) is **deemed moot**. Consistent with this Opinion and Order, plaintiffs' motion for hearing (Dkt. # 69) is **deemed moot** also.

**DATED** this 30th day of May, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT