UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EUGENE A. GAITERS, as Trustee** | ) | |
| **and Beneficiary; et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 03-CV-0425-CVE-SAJ |
| | ) | |
| **THE CITY OF CATOOSA, a municipality** | ) | |
| **of Rogers County, Oklahoma, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's motion to recuse (Dkt. # 72). On June 6, the Court received a letter from plaintiff moving for recusal on the basis of the Court's association with plaintiff's former attorney, James Goodwin. The Court will treat plaintiff's letter as a motion to recuse under 28 U.S.C. § 455.

Plaintiff questions the partiality of the Court because of the judge's alleged personal bias in favor of Mr. Goodwin. Under § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This section imposes a <u>sua sponte</u> duty on the judge to ask "what a reasonable person knowing all the relevant facts would think about impartiality." <u>United States v. Gipson</u>, 835 F.2d 1323, 1325 (10th Cir. 1988) (quoting <u>Roberts v. Bailar</u>, 625 F.2d 125, 129 (6th Cir. 1980)). The Court knows of no reason that would require a new judge to be assigned to plaintiff's claim, nor has plaintiff provided facts to show that a reasonable person could question the impartiality of the Court. Plaintiff has not presented a basis for recusal under § 455(b).

On two previous occasions (Dkt. ## 44, 71), the Court has found that it no longer has subject matter jurisdiction over plaintiff's claim. Plaintiff's motion for recusal is not properly before the

Court, because the Court has ruled that it no longer has jurisdiction to consider his claim. Plaintiff's motion to recuse is also untimely, because plaintiff has not presented any reason for his delay in filing a motion to recuse. United States v. Kimball, 73 F.3d 269 (10th Cir. 1995); Singer v. Wadman, 745 F.2d 606, 607 (10th Cir. 1984). Although delay by itself is not fatal to a motion to recuse, it does suggest that plaintiff did not have a basis to question the court's partiality in regard to earlier rulings made by the Court. Frates v. Wenshienk, 882 F.2d 1502, 1506 (10th Cir. 1989). The Tenth Circuit has made clear that section 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Switzer v. Berry, 198 F.3d 1255, 1258 (10th Cir. 2000). Plaintiff's suggestion that Mr. Goodwin has "significant associations" with the judge is unfounded and no reasonable person knowing all the facts could have any doubt about the impartiality of the Court.

**IT IS THEREFORE ORDERED** that plaintiff's motion to recuse (Dkt. # 72) is **denied**.

**DATED** this 9th day of June, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT