## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EUGENE A. GAITERS, as Trustee** ) | |
| **and Beneficiary; et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 03-CV-0425-CVE-SAJ |
| ) | |
| **THE CITY OF CATOOSA, a municipality** ) | |
| **of Rogers County, Oklahoma, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

On July 18, 2006, Magistrate Judge Sam A. Joyner entered a report and recommendation (Dkt. # 79) recommending that the Court not accept for filing plaintiff's Motion to Vacate Order of Dismissal of Ark Wrecking Co. With Request for Evidentiary Hearing (Dkt. 78). The magistrate judge found that plaintiff's motion did not comply with the filing restrictions imposed by the Court for the following reasons: 1) plaintiff did not identify the legal basis for his motion; 2) he failed to state specific facts supporting it; and 3) he did not state whether he received assistance from a third person in drafting the motion.

Plaintiff filed an objection to the report and recommendation (Dkt. # 80). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b). For the reasons stated herein, the Court adopts the report and recommendation of the magistrate judge.

On June 21, 2006, the Court entered an order imposing filing restrictions upon plaintiff, directing the Court Clerk not to accept any subsequent filings by him unless he included a statement containing: (a) the legal basis for the pleading; (b) the specific factual basis for the pleading; (c) a statement that the issues raised in the proposed pleading have never been finally disposed of by any federal or state court; (d) the identity and nature of assistance by any third person; and (e) a statement that the factual allegations and/or legal arguments raised by the proposed pleading comply with Fed. R. Civ. P. 11. The magistrate judge reviewed plaintiff's motion and determined that he failed to address subparts (a), (b), and (d) in his motion for permission to file a motion to vacate. Plaintiff objects on the grounds that a federal magistrate judge may not rule on dispositive motions, and that the Court's filing restrictions are improper.

Plaintiff's objections are meritless. Under Rule 72(b), a magistrate judge may not rule on a dispositive motion without consent of the parties, but he may hold hearings and submit a recommendation to the Court. The magistrate judge has clearly not entered a final ruling on plaintiff's motion, but has provided a report and recommendation for the Court's consideration. Also, the use of filing restrictions has been upheld by the Tenth Circuit and is within the power of the Court to control its docket. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 838 n.2 (10th Cir. 2005); Kinnell v. Graves, 265 F.3d 1125, 1129-30 (10th Cir. 2001). Therefore, plaintiff has not stated a valid objection to the report and recommendation and his objection is overruled.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 79) is **adopted** and Plaintiff's Application to Court Clerk to File Motion to Vacate Dismissal of Ark Wrecking Co. (Dkt. # 78) is **denied**.

**DATED** this 28th day of July, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT